Filed 5/5/23 P. v. J.S. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078409 |
| v. | (Super.Ct.No. FELSB21000087) |
| J.S., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Lorenzo R. Balderrama, Judge. Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Stephanie Chow and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant J.S. was committed to Porterville Developmental Center (PDC) pursuant to Welfare and Institutions Code[1] section 6500 in 2016, following a determination that he was incompetent to stand trial. His commitment was renewed annually after that. In January 2022, a trial court granted a section 6500 petition to extend his commitment for another year. On appeal, defendant argues the commitment order must be reversed since the proceedings were conducted in his absence, without any on-the-record waiver of his presence. Respondent contends defendant waived his appearance. We agree with respondent and affirm.

## PROCEDURAL BACKGROUND

On July 15, 2021, the Inland Regional Center asked the San Bernardino County District Attorney (the district attorney) to file a petition for commitment pursuant to section 6500 on behalf of defendant. His current petition was set to expire on August 24, 2021.

On July 29, 2021, the district attorney filed a petition for commitment of defendant pursuant to section 6500.

On October 4, 2021, the court held a hearing on the matter. Defendant was present in court, out of custody. The minute order states: "Respondent present in court and waives his right to be present at the next hearing date. Court waives the respondent's

---

[1] All further statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

2

presence for the future hearing. Respondent not to be transported. Existing date confirmed for 10/25/21."[2]

On October 25, 2021, a hearing was held with defendant represented by counsel. The minute order states: "Matter continued for court trial. Respondent waived presence at previous hearing." It also states that the court trial was set for November 8, 2021, at 8:30 a.m., and that, "Respondent's presence waived."[3]

The commitment trial began on November 15, 2021. The court began the proceedings that morning in person, and defendant was not present but was represented by counsel. The parties discussed a motion in limine. They then agreed to reconvene later that morning by video conference. When they reconvened, the court asked if the prosecutor wanted to call her first witness. The prosecutor stated, "I do. Before I do call him, your Honor, I believe [defendant's] appearance has been waived for these proceedings, so I would ask that counsel stipulate to identification for purposes of the trial?" Defense counsel responded, "Yes, his presence has been waived and I do stipulate." The court then stated, "The stipulation is that his presence is waived and that [defendant] and his attorney stipulate to identification of [defendant] in this court trial."

The prosecutor proceeded to call Officer Jonathan Walsh, who testified that in 2015, he was dispatched to defendant's home and arrived to find the victim, who had

---

[2] The appellate record does not contain the reporter's transcript for this hearing.

[3] The appellate record does not contain the reporter's transcript for this hearing. It also does not contain a minute order or reporter's transcript for any hearing on November 8, 2021.

3

lacerations on his arms. Defendant was taken into custody and read his *Miranda*[4] rights, and he admitted he stabbed the victim. The prosecutor next called Dr. Yung-Chung Wong, who had evaluated defendant. She testified that he had been diagnosed with schizoaffective disorder, bipolar type, and moderate mental retardation. She opined that he was a danger to himself and others. The matter was then continued to November 29, 2021.

The parties appeared again by video on November 29, 2021. Defendant did not appear but was represented by counsel. Both parties continued their questioning of Dr. Wong. The matter was then continued to December 6, 2021.

On December 6. 2021, the court called the matter in person and stated, at the outset, "[Defendant] is not present. His presence is waived. He is represented in court today by [defense counsel]." The prosecutor moved to submit some exhibits into evidence, and defense counsel objected to one of the items. The court accepted the evidence, then asked counsel what they wanted to do next. The prosecutor said she wanted to summarize what she believed the evidence showed. Defense counsel stated, "Your Honor, I don't have any witnesses and [defendant] doesn't wish to testify." Both counsel proceeded to make their closing statements. The court stated it would need a little time to consider its ruling and set the next hearing for January 10, 2022. The court stated, "It will be a nonappearance for [defendant]. [¶] I'll make a note here. And I will have my ruling on that day."

---

[4] *Miranda v. Arizona* (1966) 384 U.S. 436.

4

On January 10, 2022, the court granted the section 6500 petition and referred the matter to the Inland Regional Center for placement recommendation.

## DISCUSSION

### Defendant Waived His Personal Appearance

Defendant contends his section 6500 commitment trial was conducted in his absence, without a valid waiver of his presence from either him or his counsel. He claims even further that he was "denied his right to presence totally." Defendant thus argues that we should reverse the commitment order and conduct a new evidentiary trial, where he "has the opportunity to be present or to properly waive his presence." The record belies defendant's claims.

In the absence of an affirmative showing that a patient is physically unable to attend or has waived personal attendance, due process requires the physical presence of the alleged mentally retarded person at section 6500 commitment proceedings. (*People v. Wilkinson* (2010) 185 Cal.App.4th 543, 549; *In re Watson* (1979) 91 Cal.App.3d 455, 461-462; see *People v. Fisher* (2009) 172 Cal.App.4th 1006, 1013 (*Fisher*).)

Here, the record reflects that defendant waived his personal appearance for his section 6500 proceedings. The commitment trial took place over the course of four days—on November 15, 2021, November 29, 2021, December 6, 2021, and January 10, 2022. Prior to that, the court held a hearing on the matter on October 4, 2021, where defendant was present in court and waived his appearance for the proceedings. The minute order for that hearing states: "Respondent present in court and waives his right to be present at the next hearing date. Court waives the respondent's presence for the future

5

hearing." Defendant now claims this waiver "only covered the very next hearing," which was a trial setting hearing on October 25, 2021. Defendant relies solely on the language of the court's minute order from the October 4, 2021 hearing ("waives his right to be present at the next hearing") to support this claim. However, that minute order merely reflects the clerk's wording of what occurred. Unfortunately, the record on appeal does not contain the reporter's transcript from that hearing for us to examine what actually occurred.

However, the record does confirm that defendant waived his personal appearance for the section 6500 proceedings. The commitment trial began on November 15, 2021, and the court and parties agreed to conduct it by video. At the outset, the court asked if the prosecutor wanted to call her first witness. The prosecutor confirmed, but said, "Before I do call him, your Honor, I believe [defendant's] appearance *has been waived for these proceedings*, so I would ask that counsel stipulate to identification for purposes of the trial?" (Italics added.) Defense counsel responded, "*Yes, his presence has been waived* and I do stipulate." (Italics added.) The court then reiterated, "The stipulation is that his presence is waived and that [defendant] and his attorney stipulate to identification of [defendant] in this court trial." In other words, defense counsel confirmed that defendant waived his presence for the entire section 6500 proceeding, not just for the October 25, 2021 trial setting hearing, as defendant now claims. Accordingly, defendant did not appear at the hearings that followed, and the court properly noted at the outset of those hearings either that his presence was waived or that he was not present but was represented by counsel.

6

As to defendant's claim that he was "denied" the right to be present, the record clearly does not support that claim. We further note that his absence from court for the commitment trial was harmless beyond a reasonable doubt. (See *Fisher*, *supra*, 172 Cal.App.4th at p. 1014.) Defense counsel thoroughly cross-examined the prosecutor's witnesses. Moreover, defense counsel informed the court that defendant did not wish to testify.

Ultimately, the record reflects that defendant properly waived his appearance for the section 6500 proceedings.

## DISPOSITION

The commitment order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

RAMIREZ _____
P. J.

SLOUGH _____
J.